NO. 12-03-00341-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


ROGER HUNTER, JR.,                                     §     APPEAL FROM THE SECOND
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS, 
APPELLEE                                                        §     CHEROKEE COUNTY, TEXAS





MEMORANDUM OPINION
            Roger Hunter, Jr. appeals his conviction for assault on a public servant, for which he was
sentenced to imprisonment for twenty-five years. Appellant raises two issues on appeal. We affirm.

Background
            On February 8, 2003, officers from the Jacksonville Police Department responded to a 9-1-1
hangup call. The officers arrived at the Sweet Union apartment complex and knocked on the door. 
Appellant answered the door and advised officers that not much was going on other than an
argument between him and his wife. Officer Larry Pugh heard a female crying from inside the
residence. 
            Pugh entered the residence and spoke to Gretta Donnell, the female whom he had heard
crying. Donnell told Pugh that Appellant had hit her in the face with a closed fist near her right eye. 
Pugh observed a small scratch below Donnell’s right eye, as well as some swelling around the eye. 
Pugh then left the apartment and went to where Appellant was standing with Officer Rickey Moore. 
As Pugh approached Appellant, he grasped Appellant’s arm, retrieved his handcuffs, and informed
Appellant that he was under arrest. Appellant, turned, pushed Pugh back, and fled.
            Officer Raymond Bouman, who had been standing in close proximity to Appellant, began
to chase Appellant, but returned to his patrol car after pursuing Appellant nearly one hundred yards. 
As Bouman drove, he caught sight of Appellant. Bouman exited his patrol vehicle and advised
Appellant multiple times to get on the ground, warning Appellant that if he did not comply, Bouman
would spray Appellant with OC spray. Despite Bouman’s warning, Appellant did not comply, and
Bouman sprayed Appellant with OC spray around the head and face.
            Appellant fell to the ground, but returned to his feet and proceeded toward Bouman with his
eyes wide open. Bouman sprayed Appellant with OC spray a second time, took hold of Appellant,
stood him up, and repositioned him on the hood of the patrol vehicle. Appellant then pushed up and
began to pull away from Bouman. Bouman again put Appellant on the patrol vehicle. However,
Appellant spun around and pushed Bouman several times in the chest. Bouman testified that his
chest was sore from Appellant pushing it. Bouman described Appellant’s pushing him as a rough,
aggressive jamming-push.


 
            Bouman testified that he and Appellant wrestled and eventually ended up on the ground next
to the patrol vehicle. During the struggle, Bouman sprayed Appellant a third time with OC spray.
The struggle was still underway when Officer Franklin arrived and tackled both Bouman and
Appellant. Appellant continued to struggle with both Bouman and Franklin. Franklin sprayed
Appellant with OC spray, prompting Appellant to relent, at which point the officers handcuffed
Appellant and put him in the patrol vehicle.
            Appellant was charged with assault on a public servant. Following a jury trial, Appellant was
sentenced to imprisonment for twenty-five years. This appeal followed.

Evidentiary Sufficiency
            In his first and second issues, Appellant contends that the evidence is insufficient to support
the jury’s verdict.



Legal Sufficiency
            Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction. See Jackson v. Virginia, 443 U.S. 307,
315-16, 99 S. Ct. 2781, 2786-787, 61 L. Ed. 2d 560 (1979); see also Escobedo v. State, 6 S.W.3d
1, 6 (Tex. App.–San Antonio 1999, no pet.). The standard for reviewing a legal sufficiency
challenge is whether any rational trier of fact could have found the essential elements of the offense
beyond a reasonable doubt. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; see also Johnson v.
State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The evidence is examined in the light most
favorable to the jury’s verdict. See Jackson, 443 U.S. at 320, 99 S. Ct. at 2789; Johnson, 871
S.W.2d at 186. A successful legal sufficiency challenge will result in rendition of an acquittal by
the reviewing court. See Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2217-218, 72 L. Ed.
2d 652 (1982).
            The sufficiency of the evidence is measured against the offense as defined by a hypothetically
correct jury charge. See Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a
charge would include one that “accurately sets out the law, is authorized by the indictment, does not
unnecessarily increase the State’s burden of proof or unnecessarily restrict the State’s theories of
liability, and adequately describes the particular offense for which the defendant is tried.” Id. 
            A person commits the offense of assault on a public servant if he intentionally, knowingly,
or recklessly causes bodily injury to another, who the actor knows is a public servant while the public
servant is lawfully discharging an official duty. See Tex. Pen. Code Ann. § 22.01(a), (b)(1)
(Vernon Supp. 2004–2005).


 Bodily injury is defined as physical pain, illness, or any impairment
of physical condition. See Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon Supp. 2004–2005). 
            In the case at hand, Appellant concedes that Bouman testified Appellant pushed him and that
as a result of Appellant’s pushes, he suffered physical pain and bodily injury. Bouman testified
specifically that he felt pain when Appellant pushed him in the chest. Bouman further testified that
the pushes were rough and aggressive in nature; it was not just like a “get away from me push,” but
more like a “jamming push.” Bouman also testified that he felt pain in his neck after Appellant
pushed under his chin. Bouman testified that he identified himself to Appellant as a police officer,
was wearing a badge, and was driving a clearly marked patrol car, which displayed the insignias of
the Jacksonville Police Department and had a light bar on the top of it. Furthermore, the record
reflects that Bouman, who was at the scene as a backup officer for Pugh, was attempting to
apprehend Appellant, whom Pugh had previously attempted to arrest. Viewing the evidence in the
light most favorable to the jury’s verdict, we hold that rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. Appellant’s first issue is overruled.
Factual Sufficiency
            Turning to Appellant’s contention that the evidence is not factually sufficient to support the
jury’s verdict, we must first assume that the evidence is legally sufficient under the Jackson
standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We then consider all
of the evidence in the record related to Appellant’s sufficiency challenge, not just the evidence which
supports the verdict. We review the evidence weighed by the jury that tends to prove the existence
of the elemental fact in dispute, and compare it to the evidence that tends to disprove that fact. 
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We are authorized to disagree
with the jury’s determination, even if probative evidence exists that supports the verdict. Clewis,
922 S.W.2d at 133. Our evaluation should not substantially intrude upon the jury’s role as the sole
judge of the weight and credibility of witness testimony. Santellan, 939 S.W.2d at 164. Where
there is conflicting evidence, the jury’s verdict on such matters is generally regarded as conclusive. 
See Van Zandt v. State, 932 S.W.2d 88, 96 (Tex. App.–El Paso 1996, pet. ref’d). Ultimately, we
must ask whether a neutral review of all the evidence, both for and against the finding, demonstrates
that the proof of guilt is so obviously weak as to undermine our confidence in the jury's
determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set
aside “only if the evidence supporting guilt is so obviously weak, or the contrary evidence so
overwhelmingly outweighs the supporting evidence, as to render the conviction clearly wrong and
manifestly unjust.” Ortiz v. State, 93 S.W.3d 79, 87 (Tex. Crim. App. 2002). 
            Appellant notes that the record reflects that Appellant and Bouman were tackled by Franklin,
and that Bouman was sandwiched between Appellant and Franklin when the three fell to the ground. 
Appellant argues that it is just as likely that Bouman’s pain resulted from Franklin’s tackling him
as from any push from Appellant. Appellant further contends that certain discrepancies in Bouman’s
testimony indicate that Bouman misrepresented or could not recollect the facts properly, and that,
therefore, little, if any, weight should be given to his testimony.
            We have reviewed the record in its entirety. We iterate that our evaluation should not
substantially intrude upon the jury’s role as the sole judge of the weight and credibility of witness
testimony, see Santellan, 939 S.W.2d at 164, and where there is conflicting evidence, the jury’s
verdict on such matters is generally regarded as conclusive. See Van Zandt, 932 S.W.2d at 96. It
follows that the jury was entitled to find that Bouman was a credible witness, and that the facts he
related concerning Appellant’s actions and the bodily injury he received as a result thereof were an
accurate portrayal of the events that transpired. See, e.g., Thompson v. State, 54 S.W.3d 88, 97
(Tex. App.–Tyler 2001, pet. ref’d). Our review of the record as a whole, with consideration given
to all of the evidence, both for and against the trial court’s finding, has not revealed to us any
evidence that causes us to conclude that the proof of guilt is so obviously weak or is otherwise so
greatly outweighed by contrary proof as to render Appellant’s conviction clearly wrong or manifestly
unjust. Therefore, we hold that the evidence is factually sufficient to support the jury’s verdict. 
Appellant’s second issue is overruled.

Conclusion
Having overruled Appellant’s sole issue, we affirm the trial court’s judgment.

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered August 18, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.









(DO NOT PUBLISH)